# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CARLA MARTINES,**

       **Plaintiff,**

**vs.**                                             **Civ. No. 01-1049 WWD**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

    1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing ("Motion"), filed May 24, 2002 **[Doc. 10]**.  Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for social security disability insurance benefits ("SSD") and supplemental security income benefits ("SSI").  Plaintiff alleges a disability which commenced January 12, 1992 due to back and leg problems related to childhood polio.  Tr. at 116.  Plaintiff also claims that she is severely depressed.  Tr. at 122.

    2.  Plaintiff first applied for  benefits on March 20, 1995.  Tr. at 71, 74 .  After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") issued a decision on December 17, 1996 denying Plaintiff's applications.  Tr. at 12-25.  This decision was ultimately remanded for a rehearing in accordance with the Magistrate Judge's Proposed Findings and Recommended Disposition filed on June 11, 1999 ("PFD").  Tr. at 229-36.

    3.  Following a second hearing on November 15, 2000, the ALJ issued a decision on

February 15, 2001, which again denied Plaintiff's applications.  Tr. at 197-210.  The ALJ

concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a limited

range of sedentary and light work, and was not disabled because she "has been able to make a

satisfactory adjustment to a significant number of jobs in the national economy."  Tr. at 207-09.

The Appeals Council declined to assume jurisdiction of Plaintiff's appeal, thus rendering the

ALJ's decision the final decision of the Commissioner.  Tr. at 192.  Plaintiff now seeks review of

that final decision pursuant to 42 U.S.C. §405(g).

        4.  Plaintiff's date of birth is October 24, 1956.  Tr. at 71.  Plaintiff has completed high

school and has worked in the past as a lab assistant and phlebotomist.[1]  Tr. at 110.

        5.  The standard of review in social security appeals is whether the Commissioner's final

decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v.

Sullivan, 987 F.2d 1482 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's

final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation

omitted).

        6.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  (1)

The ALJ failed to include all of Plaintiff's limitations in the hypotheticals posed to the vocational

expert ("VE") and the ALJ did not ask the [VE] to clarify the inconsistencies between her

testimony and the Dictionary of Occupational Titles ("DOT"), (2) The psychological evaluation

used by the ALJ was inadequate and the ALJ failed to develop the record on this issue, and (3)

The ALJ's credibility finding is not supported by substantial evidence and is contrary to law.  Pl.'s

_____

        [1]  Phlebotomy is the "incision of a vein, as for the letting of blood." DORLAND'S
ILLUSTRATED MED. DICTIONARY 1007 (26th ed. 1981).  A phlebotomist is "one who practices
phlebotomy."  Id.

Mem. in Support of Mot. at 4.

7.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

8.  At the first four levels of the evaluation, the claimant must show:  (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past.  At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than  past relevant work.  Thompson, 987 F.2d at 1487 (citations omitted).  Here, Plaintiff alleges that the ALJ erred at step five of the sequential evaluation.

9.  At step two of the sequential evaluation, the ALJ found that Plaintiff has a severe impairment "relative to the residual effects of poliomyelitis with involvement in her lower extremities," and that "she is status post triple arthrodesis of the right foot on May 8, 1996." Tr. at 202.  The ALJ also found that Plaintiff "does not have a mental impairment that is severe." Id. At step five, the ALJ concluded that Plaintiff was not disabled because she "has been able to make

3

a satisfactory adjustment to a significant number of jobs in the regional and national economy."
Tr. at 209.

### *First and Third Alleged Errors - Vocational Expert Testimony and Credibility*

10.     I address the ALJ's credibility determination first, because it potentially influences the ALJ's assessment of Plaintiff's limitations and thus, the hypotheticals presented to a vocational expert ("VE").  The ALJ found that Plaintiff's residual functional capacity ("RFC") was reduced, based on her subjective allegations.  Tr. at 207.  However, the ALJ also found that Plaintiff "is not a fully credible witness, and [her] statements regarding the functional effects of her condition are not fully accurate."  Id.  Thus, the ALJ did not find Plaintiff's pain to be disabling, and concluded that she was capable of a limited range of sedentary and light work.  Id.  Plaintiff asserts that the ALJ's credibility finding is contrary to the evidence and the law.

11.     "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."  Diaz v. Sec. of Health & Hum. Servs., 898 F.2d 774, 777 (10th Cir. 1990); cited in Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996).  However, the ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); see also Houston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings").  The ALJ must explain why the specific evidence relevant to each factor led him to conclude that Plaintiff's subjective complaints were not credible.  Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995).

4

12.  In this case, the ALJ gave the following reasons as the basis for his credibility determination: (1) Plaintiff's "manner while testifying at the hearing,"  (2) "the consistency of [Plaintiff's] testimony with statements on other occasions in the record,"  (3) Plaintiff's "interest, bias, or prejudice considered in light of all the evidence," (4) Plaintiff's failure to seek medical treatment and her use of non-prescription pain medications, and (5) the relative weight afforded to the opinions of Drs. Frederick Sherman and G. T. Davis.

13.  The ALJ's finding that, during certain times, Plaintiff failed to seek medical treatment and used only non-prescription pain medications finds substantial support in the record. Moreover, these are appropriate factors to consider in assessing a claimant's credibility.  See, e.g., Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993) (including frequency of medical contacts as a factor to consider in determining credibility); Rice v. Apfel, 990 F.Supp. 1289, 1294 (D.Kan. 1997) (citations omitted) (noting that use of only non- prescription medications to relieve pain is inconsistent with allegations of disabling pain).

14.  However, reasons (1) through (3) are vague and conclusory and thus, do not constitute sufficiently explicit and adequate reasons for rejecting Plaintiff's testimony.  For example, the ALJ did not describe Plaintiff's "manner" at the hearing, or point out which of Plaintiff's statements he found inconsistent.  The ALJ did not indicate what evidence led him to question Plaintiff's "interest, bias, or prejudice."  Further, the ALJ's broad references to "other occasions in the record" and "all the evidence" does not assist the Court in identifying the specific evidence relevant to each reason.  Consequently, the Court is unable to determine whether the reasons (1) through (3) provide an appropriate basis for discounting Plaintiff's testimony.

15.  Moreover, with respect to reason (5), the ALJ does not indicate, nor is it self-evident,

how the weight afforded to the opinions of Drs. Sherman and Davis is relevant in assessing the credibility of Plaintiff's testimony.  In any event, several of the reasons given by the ALJ as justification for a finding of noncredibility are inadequate; thus, the ALJ's credibility finding rests, in part, on a flawed basis.  Because "a credibility assessment requires consideration of all the pertinent factors in combination," the Court is precluded from weighing the remaining factors to determine whether they are sufficient to support the ALJ's credibility finding.  Romero v. Apfel, 221 F.3d 1352, 2000 WL 985853, at **4 (10th Cir. Jul. 18, 2000) (citations omitted) (unpublished table decision).  Accordingly, this matter will be remanded for a redetermination of the credibility finding.

16.  The Court does not dictate any result upon remand, nor does it mean to imply that Plaintiff's testimony is necessarily credible.  The Court requires only that the ALJ's findings be sufficiently specific and supported by substantial evidence in the record.

17.  Because this matter is remanded for a redetermination of credibility, the Court need not address Plaintiff's allegations of error regarding the hypotheticals presented to the VE and the VE's testimony.  It is not clear whether, or to what extent, a redetermination of the credibility finding will influence the ALJ's findings with respect to the Plaintiff's RFC and/or limitations, and thus, the hypotheticals presented to a VE.  However, it is not the Court's role to "reweigh the evidence or try the issues de novo or substitute its judgment for that of the [ALJ]."  Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992).   Accordingly, the ALJ will proceed as necessary in light of any new findings with respect to Plaintiff's credibility.

### *Second Alleged Error - Failure to Develop the Record*

18.  Plaintiff alleges that the ALJ failed to properly develop the record with respect to her

mental impairment.  Specifically, Plaintiff argues that the ALJ should have asked Dr. Cardillo for

clarification of his psychological assessment or requested another psychologist to perform one.

Defendant argues that Dr. Cardillo's report supports the ALJ's finding that the Plaintiff does not

have a severe mental impairment.

19.  Plaintiff argues that the ALJ should have requested another consultative examination

because Dr. Cardillo failed to "quantify [Plaintiff's] restriction in her ability to accept instructions

and respond appropriately to criticism from supervisors."  Pl.'s Mem. in Support of Mot. at 10.

Although Dr. Cardillo wrote "not sure" in the block next to this statement, tr. at 261, Dr. Cardillo

did not indicate that Plaintiff has any problems in this area.  Indeed, Dr. Cardillo noted that

Plaintiff "related well to supervisors and coworkers at the University of New Mexico and

Presbyterian Hospital."  Tr. at 258.  The cases cited by Plaintiff in support of their argument on

this point are inapposite.[2]

20.  After considering Dr. Cardillo's report and other evidence, the ALJ found that

Plaintiff had no more than mild limitations in the following categories:  (1) activities of daily

living, (2) social activities, and (3) concentration, persistence and pace.  Tr. at 203, 221.  The ALJ

also determined that Plaintiff never experienced any episodes of decompensation in a work-like

setting.  Tr. at 203, 221.  Given this degree of functional limitation, the regulations generally call

for a finding that the mental impairment is not severe.  20 C.F.R. § 404.1520a(d)(1).

---

[2]  The issue in Mehaffey v. Apfel, 81 F.Supp.2d 952 (N.D. Iowa 2000) involved the
appropriate level of supervision required by a claimant, not whether the claimant had problems
responding to criticism from supervisors.  In York v. Bowen, 702 F.Supp. 903 (N.D.Ga. 1987),
the claimant's record clearly indicated that relating to supervision was "one of the central
stressors symptomatic of [his] PTSD."  Id. at 908.  Here, there is no evidence that Plaintiff has
experienced difficulties relating to supervision.

7

21.  Dr. Cardillo found "no evidence for any serious psychopathology" and noted that Plaintiff seemed "mildly depressed with mild short-term memory problems." Tr. at 258. Dr. Cardillo further indicated that Plaintiff's "problems related to working appear to be mainly physical, rather than psychological." Id.  In his Psychiatric-Psychological Source Statement of Ability to do Work-Related Activities (Mental-MSS), Dr. Cardillo indicated that Plaintiff was "not limited" or "mildly limited" in all activity areas, including "understanding and remembering instructions," "sustained concentration and task persistence," "social interactions," and "adaptation." Tr. at 262-63.

22.  Moreover, to the extent that Dr. Cardillo's narrative and forms appear somewhat inconsistent, it was reasonable for the ALJ to rely on the conclusions set forth in the Mental-MSS form, particularly where the Plaintiff had not sought or received treatment for depression.[3] See, e.g., Dukes v. Apfel, 156 F.3d 1243, 1998 WL 476770 (10th Cir. Aug. 11, 1998) (unpublished) (finding that the ALJ correctly determined that plaintiff did not suffer from a severe mental impairment, even where the consulting doctor's form and narrative appeared inconsistent).  The ALJ's finding that Plaintiff's mental impairment was not severe was substantially supported by Dr. Cardillo's report and other evidence in the record. Accordingly, the ALJ was not required to further develop the record on this issue.

WHEREFORE,

IT IS ORDERED that Plaintiff's Motion to Reverse and Remand for a Rehearing **[Doc. 10]** is granted, and that this matter be remanded for additional proceedings consistent with this

---

[3]  The ALJ noted that Plaintiff "has never required referral for psychotherapy, other than in connection with her heroin addiction disorder," which was successfully treated. Tr. at 203. Dr. Cardillo stated that Plaintiff "has had no previous treatment for mental problems." Tr. at 258.

opinion, to include:

    (A)    a redetermination of the credibility finding;

    (C)    additional proceedings, as necessary, in light of any new findings with respect to

    Plaintiff's credibility.

_____

UNITED STATES MAGISTRATE JUDGE